Gerber, J.
The defendant appeals from his convictions for two counts of aggravated assault with a discharged firearm and his sentence of two twenty-year mandatory minimum prison terms to be served consecutively. The defendant raises three arguments: (1) the trial court erred in denying his motions for judgment of acquittal; (2) the trial court committed fundamental error when it charged the jury using Florida Standard Juiy Instruction (Criminal) 3.6(f), Justifiable Use of Deadly Force (2013); and (3) resentencing is necessary because the trial court believed it was legally required to sentence the defendant to consecutive mandatory minimum prison terms under the 10-20-Life statute, section 775.087(2), Florida Statutes (2013).
On the first two arguments, we affirm without discussion. On the third . argument, we agree that resentencing is necessary pursuant to Williams v. State, 186 So.3d 989, 993 (Fla. 2016) (“If ... multiple firearm offenses are committed contemporaneously, during which time multiple victims are shot at, then consecutive sentencing is permissible but not mandatory. In other words, a trial judge has discretion to order the mandatory minimum sentences to run consecutively, but may impose the sentences concurrently.”) (emphasis added; internal citations omitted).
Based on the foregoing, we affirm the defendant’s convictions, but reverse the sentence and remand for resentencing for the court to exercise its discretion to order the two mandatory minimum prison terms to run consecutively or concurrently.

*97
Affirmed, in part, reversed in part, and remanded for resentencing.

Levine and Klingensmith, JJ., concur,